**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig**
**United States Bankruptcy Judge**

**Dated: 01:53 PM January 21, 2021**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| TARL W. YOUNG, | ) | CASE NO. 20-61399 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |
| | ) | |

    Now before the court is Debtor's Response to Notice of Delinquency (ECF No. 20) (the "Response") and Amended Application to Have the Chapter 7 Filing Fee Waived (ECF No. 21) (the "Amended Application").

    The court has subject matter jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference issued by the United States District Court for the Northern District of Ohio. This is a core proceeding and the court has authority to enter final orders. 28 U.S.C. § 157(b)(2)(A). Pursuant to 28 U.S.C. §§ 1408 and 1409, venue in this court is proper. This opinion constitutes the court's findings of fact and conclusions of law in accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure.

    This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## FACTS

Debtor filed a petition for relief under chapter 7 of the Bankruptcy Code on September 9, 2020 (the "Petition Date"). (ECF No. 1.) Debtor also filed an Application to Have the Chapter 7 Filing Fee Waived (the "Application"). (ECF No. 2.) On September 11, 2020, the court denied the Application. The court reasoned that Debtor had the ability to pay the filing fee in installments because: (1) Debtor was able to pay $985 to an attorney in connection with this case; and (2) Debtor's schedules indicated that Debtor had $1,855.67 in a checking account. (ECF No. 7, at 2.) The denial order set an installment payment schedule. (Id.) The final installment payment was due on January 7, 2021. (Id.)

On January 8, 2021, the court entered a Notice of Deficiency and Order to Show Cause Why Case Should Not be Dismissed (the "Order to Show Cause") because Debtor failed to make any installment payments. (ECF No. 18.) Debtor's Response to the Order to Show Cause stated that Debtor was in quarantine due to COVID-19 and did not have sufficient funds to pay the filing fee. (ECF No. 20.) The Response also stated that Debtor would file an amended application to waive the filing fee. (Id.) Debtor filed the Amended Application and amended Schedules I and J on January 15, 2021. (ECF Nos. 21, 22.)

## DISCUSSION

Pursuant to 28 U.S.C. § 1930(f), a "bankruptcy court may waive the filing fee . . . if the court determines that such individual has income less than 150 percent of the income official poverty line . . . applicable to a family of the size involved and is unable to pay that fee in installments." 28 U.S.C. § 1930(f). By the terms of the statute, a court's ability to waive the fee is permissive, not mandatory, and is premised upon a finding that a debtor meets the quantitative and qualitative standards. In re Burr, 344 B.R. 234, 236 (Bankr. W.D.N.Y. 2006). The debtor carries the burden of proof and must establish both prongs by a preponderance of the evidence. Id.

The court considers the totality of the circumstances when determining whether a debtor is unable to pay the filing fee in installments. Stickney, 370 B.R. 31, 40 (Bankr. D. N.H. 2007). However, a debtor's ability to pay the filing fee is determined when the bankruptcy petition is filed, not later in the case. In re Downey, No. 18-62284, 2019 Bankr. LEXIS 1133, at *5-6 (Bankr. N.D. Ohio April 10, 2019) (collecting cases); In re Bussey, No. 14-32160, 2014 Bankr. LEXIS 2760, at *3 (Bankr. N.D. Ohio June 18, 2014) (citing In re Lephew, 380 B.R. 171, 178 (Bankr. W.D. Va. 2007)). Thus, "[w]hen it is apparent on the date of filing that a debtor has the ability to pay the filing fee, a waiver is not appropriate, even if changed circumstances later support waiver." Downey, 2019 Bankr. LEXIS 1133, at *5.

In the instant case, the court denied the Application because it found that Debtor had the ability to pay the filing fee on the Petition Date. The court set a payment schedule allowing Debtor to pay the fee in installments, yet Debtor failed to make a single payment. Now, Debtor asks the court again to waive the filing fee, alleging changed circumstances.[1] But the court has

---
[1] Debtor does not explain why no payments were made.

2

already decided this issue—Debtor does not get a second bite at the apple. And even if the Amended Application had merit, it is untimely because the 341 meeting took place on December 1, 2020, and the 120-day deadline in Federal Bankruptcy Rule 1006(b)(2) expired on January 7, 2021. See In re Markison, 367 B.R. 491, 495 (Bankr. D. Vt. 2007) ("[Rule 1006(b)(2)] clearly anticipates that a petitioner's eligibility for a fee waiver should be determined early in the proceeding (prior to the meeting of creditors) so if he or she is required to pay in installments, those payments can be completed 'not later than 120 days after filing the petition.'").

For these reasons, the Amended Application is denied. Because Debtor failed to satisfy the Order to Show Cause, this case is dismissed. The court will enter a separate order in accordance with this opinion.

**<u>Service List</u>**:

Tarl W. Young
735 Ellwood Avenue SW
Canton, OH 44710

Jennifer Elizabeth Donahue
Rauser & Associates LP
401 W. Tuscarawas Street
Suite 400
Canton, OH 44702

Lisa M. Barbacci, Trustee - Canton
PO Box 1299
Medina, OH 44258-1299